IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
CA No. 7:19-CV-108

| | |
|---|---|
| PHILLIP SCOTT, on behalf of himself and all others similarly situated,<br>    *Plaintiff*,<br><br>v.<br><br>J&K DRYWALL, INC. d/b/a K&J CONSTRUCTION, FRAMING, AND HANGING; JAMES MALLOY; FRANCES MALLOY; COLLINS & WRIGHT, INC.; and BALFOUR BEATTY CONSTRUCTION, LLC,<br>    *Defendants* | **[PROPOSED] ORDER APPROVING PLAINTIFF'S UNOPPOSED MOTION FOR APPROVAL OF SETTLEMENT** |

On December 24, 2019, Plaintiff filed an Unopposed Motion for Approval of Settlement, together with the Settlement Agreement, requesting that the Court approve the Settlement Agreement and dismiss Plaintiff's claims against Defendants with prejudice.

Having considered this Motion for Approval of Settlement, the Settlement Agreement, and the complete record in this matter, for the good cause shown, NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.  The Court hereby grants the Motion for Approval of Settlement and approves the settlement as set forth in the Settlement Agreement. The Court finds that the terms of the Settlement Agreement are fair, reasonable, and adequate to named and Opt-in Plaintiffs, and directs consummation of their terms and provisions.

2.  Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bonafide disputes. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 n.8 (11th Cir. 1982). Typically, courts regard the adversarial nature of a litigated FLSA

case to be an adequate indicator of the fairness of the settlement. *Lynn's Food Stores*, 679 F.2d at 1353-54. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement. *Id.* at 1354.

3. In this case, the Court finds that the settlement followed extensive investigation and negotiation, and was the result of a formal mediation involving vigorous arm's-length settlement discussions and the assistance of an experienced mediator. During the entire process, Plaintiffs and Defendants were represented by counsel experienced in wage and hour law. Accordingly, the Settlement Agreement resolves a clear and actual dispute under circumstances supporting a finding that is fair and reasonable.

4. The Court finds and determines the relief to the Plaintiffs collectively in the amount of $150,000.00 ("Gross Settlement Amount"), and pro rated as provided in the Settlement Agreement, is fair, reasonable and adequate, and resolves the allegations set forth in the litigation. The Court gives final approval to and orders that those payments be made to the Plaintiffs who opted into the action as party Plaintiffs. Settlement payments shall be paid from the Gross Settlement Amount in accordance with the Settlement Agreement.

5. The Settlement Agreement includes an agreement on payment of fees, expenses and costs to be paid to Plaintiffs' counsel. The parties negotiated the damages award without regard to attorneys' fees, and so there was no conflict of interest between Plaintiffs and their counsel, and the Court need not review the settlement with any increased scrutiny. *See Martin v. Huddle House, Inc.*, No. 2:10-CV-0082-WCO, 2011 WL 611625, at *2 (N.D. Ga. Feb. 11, 2011) (potential conflict of interest requiring increased scrutiny only when the parties negotiate damages and fees at the same time); *Moreno v. Regions Bank*, 729 F.Supp.2d 1346, 1347 (M.D. Fla. 2010)

(finding the fee appeared reasonable when "the parties negotiated [the attorney's fee amount] separately and without regard to the amount paid to the plaintiff"). Further, Plaintiffs' attorneys' request for one-third of the Gross Settlement Amount is "reasonable and appropriate" for wage and hour litigation in the Fourth Circuit. *See Hoffman v. First Student, Inc.*, 2010 U.S. Dist. LEXIS 27329, at *11 (D. Md. Mar. 23, 2010).

6. Plaintiffs' attorney's fees and expenses in the total amount of $50,000.00 shall be paid from the Gross Settlement Amount in full compromise and satisfaction of all attorneys' fees and expenses incurred by Plaintiffs' attorneys. This is equal to one-third of the Gross Settlement Amount. Given the totality of the circumstances, the entire record, and the fact that the settlement reflects a substantial compromise between the parties' respective positions, the Court finds the Settlement Agreement's award of fees, expenses, and costs to be reasonable. Accordingly, the Court awards $50,000.00 in fees and expenses for Plaintiffs' counsel. Further, the release of Plaintiffs' attorney's fees and expenses as set forth in the Settlement Agreements is approved.

7. As stated in the Settlement Agreement, Defendant J&K Drywall, Inc. shall issue each claimant his or her settlement payment. Each Settlement Payment shall be characterized as non-wage income to the recipient.

8. Defendant J&K Drywall, Inc. will report each Settlement Payment attributable to non-wages on an I.R.S. Form 1099. Defendant J&K Drywall, Inc. shall be responsible for issuing a settlement check to each Plaintiff and mailing a settlement check and Form 1099s to each such Plaintiff.

9. The Court hereby dismisses all claims of Named Plaintiff and Opt-In Plaintiffs who are parties to the Settlement Agreement in this matter, based on or arising out of any acts, facts,

transactions, occurrences, representations or omissions alleged in the Complaint in this matter on the merits and with prejudice and without costs to any of the parties as against any other settling party, except as provided in the parties' mediation agreement and individually-executed settlement agreements.

10. As of the date of this Order, each and every Plaintiff who is a party to the Settlement Agreement hereby forever completely settles, compromises, releases, and discharges Defendants from any and all past and present matters, disputes, claims, demands, rights, liabilities, expenses, damages, losses of any kind, and causes of action of any kind whatsoever, whether at common law, pursuant to statute, ordinance, or regulation, in equity or otherwise, and whether arising under federal, state, or other applicable law, which any Plaintiff has or might have, known or unknown, asserted or unasserted, of any kind whatsoever, that are based upon, relate to, or arise out of or reasonably could have arisen out of the facts, acts, transactions, occurrences, events or omissions alleged in the litigation or by reason of the negotiations leading to the Settlement Agreement, even if presently unknown and/or un-asserted. As further explained by the Settlement Agreement, the claims released by each and every Plaintiff include, "any and all claims and rights of any kind that Plaintiffs may have, whether now known or unknown, suspected or unsuspected, including, but not limited to, those arising out of or in any way relating to employment with and/or work performed for Defendants. These claims and rights released include, but are not limited to, claims under the FLSA, the NCWHA, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, the Americans With Disabilities Act, the Age Discrimination in Employment Act, Sections 503 and 504 of the Rehabilitation Act of 1973, the Family and Medical Leave Act, Employee Retirement Income Security Act, the Occupational Safety and Health Act, the North Carolina Retaliatory

4

Case 7:19-cv-00108-FL   Document 31   Filed 01/02/20   Page 4 of 5

Employment Discharge Act, all state, civil or statutory laws, including any and all human rights laws and laws against discrimination, any other federal, state or local fair employment statute, code or ordinance, common law, contract law, tort, including, but not limited to, wrongful discharge, defamation, libel, negligent supervision/retention, fraudulent inducement to enter into contract, and any and all claims for attorneys' fees as well as any and all claims that could have been brought in the Lawsuit. Plaintiffs represent that they know of no claim of their own that has not been released by this paragraph. This Release does not apply to claims which may arise after the date of Plaintiffs' acceptance of this Agreement."

11. All Plaintiffs who are parties to the Settlement Agreement are hereby barred and permanently enjoined from prosecuting, commencing or continuing any claims, causes of action, damages, liabilities of any kind, nature and character whatsoever in law, equity or otherwise, known or unknown, suspected or unsuspected, that may exist or heretofore existed, against Defendants arising out of, related to, connected with, or based in whole or in part to any facts, transactions, occurrences, representations or omissions alleged in the Complaint in this matter.

12. The Court retains jurisdiction over these actions and the parties to administer, supervise, interpret and enforce the Settlement Agreement, and this Order.

SO ORDERED this _____ day of _____, 2019.

_____
THE HONORABLE LOUISE WOOD FLANAGAN.
UNITED STATES DISTRICT JUDGE